UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALDRIC GRANDY,

                               Plaintiff,

-against-

BAC HOME LOAN SERVICING, LP,

                               Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-4278 (SLT)

**TOWNES, United States District Judge:**

       Plaintiff, Aldric Grandy, proceeding *pro se*, now moves for a "temporary injunction" seeking to prevent Defendant, BAC Home Loan Servicing, LP, from foreclosing on or selling plaintiff's residence during the pendency of his lawsuit. For the reasons stated below, this application for preliminary injunctive relief is denied.

## *BACKGROUND*

       On September 20, 2010, plaintiff commenced this action by filing a complaint, entitled an "Original Petition" (hereinafter, "Complaint"), and a 27-page document entitled "Petition for Temporary Injunction" (hereinafter, "Petition"). In his Complaint, plaintiff alleges that he entered into "a consumer contract for the refinance of a primary residence" located at 194-02 112th Avenue in St. Albans, Queens (Complaint at 1). Plaintiff does not attach a copy of the contract, specify the lender, or even state when the agreement was signed, but claims that it was "a predatory loan agreement" (*id.*), and alleges, *inter alia*, violations of the Truth in Lending Act and Real Estate Settlement Procedures Act.

       Although the Complaint makes it clear that plaintiff has been unable to make the payments required under the terms of the agreement, it is unclear whether the defendant and/or the lender has taken any steps to foreclose upon the residence. Some portions of the Complaint,

such as the section describing what plaintiff intends to prove, suggest that the lender has yet to commence foreclosure proceedings. For example, plaintiff states that the "Lender has no legal standing to bring collection or foreclosure claims," and that "even if Lender were to prove up a contract to which Lender had standing," the Lender would nonetheless have no claim against the property (*Id.* at 6). However, elsewhere in the Complaint, plaintiff describes defendant's "claim[s]" (*Id.* at 8), implying that defendant has already commenced legal proceedings.

Plaintiff's Petition is equally unclear with respect to what, if any, steps have been taken to foreclose. The Petition seeks to enjoin defendant "from foreclosing on the property" (Petition at 24), but specifically states that "defendant has already foreclosed" (*Id.* at 25). Similarly, the Petition first suggests that the property has already been sold, alleging that defendant "has made it known that eviction from the property is imminent" (*Id.* at 25), then suggests that no sale has yet taken place, alleging that plaintiff will suffer irreparable harm "[i]f said sale is allowed to take place" (*Id.*). It is also unclear from the Petition, which seeks a "Temporary Injunction," whether plaintiff is seeking a temporary restraining order ("TRO"), or only a preliminary injunction.

## DISCUSSION

*Pro se* submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such submissions must be read liberally and interpreted as raising the strongest arguments they suggest. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Accordingly, even though it is uncertain whether

plaintiff is seeking a TRO or a preliminary injunction, this Court will determine whether plaintiff had made the showing required to obtain either type of preliminary injunctive relief.

Preliminarily, this Court notes that either type of preliminary injunctive relief constitutes "an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). However, while the "standards which govern consideration of an application for a temporary restraining order . . . are the same as those which govern a preliminary injunction," *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir.), cert. denied, 506 U.S. 953 (1992), a court can only order a TRO without notice to the non-moving party if the moving party provides "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. Pro. 65(b)(1)(A). Plaintiff's Petition, although sworn, does not contain the requisite showing. Accordingly, a TRO will not issue.

In addition, the Petition does not make the showing necessary to obtain a preliminary injunction. "A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). "To satisfy the irreparable harm requirement, [plaintiff] must demonstrate that absent a preliminary injunction [he] will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Freedom Holdings v. Spitzer*, 408 F.3d 112, 114

3

(2d Cir. 2005) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234-35 (2d Cir.1999)). Motions for preliminary injunctive relief are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." *Palmer v. New York City Health and Hospital Corp.*, 03-CV-6298 (NGG) (E.D.N.Y. 2004) (citing 11A C.Wright & A. Miller, *Fed. Practice & Proc.*, § 2949 (2004)).

In this case, plaintiff has not provided enough facts to enable this Court to determine whether the sale of his property is imminent. Plaintiff does not unequivocally state that foreclosure proceedings have been brought against him in state court, much less state when the judgment of foreclosure was entered. In addition, plaintiff does not allege when the sale of his property is scheduled to take place, and makes no mention of receiving an eviction notice from the Sheriff. Accordingly, this Court cannot find from plaintiff's submissions that plaintiff faces imminent, irreparable harm.

Even if plaintiff could establish that a judgment of foreclosure and sale had been entered against him in state court and that the sale was imminent, this Court could not find that plaintiff was likely to succeed on the merits or that the balance of hardships tips in favor of the plaintiff. Under such circumstances, plaintiff would have already had an opportunity to raise in the State Court foreclosure proceedings the very issues which he seeks to raise herein. Therefore, in order to obtain injunctive relief in this Court, plaintiff would have to show why the State Court's ruling should not be given *res judicata* effect in this action.

## *CONCLUSION*

For the reasons stated above, Plaintiff's request for preliminary injunctive relief is denied at this time. Nothing herein shall preclude plaintiff from filing another application for preliminary injunctive relief if he can make the requisite showing for such relief.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: September 27, 2010
       Brooklyn, New York