

Glenn B. Coleman
Direct: (212) 541-2175
Facsimile: (212) 541-1476
gbcoleman@bryancave.com

November 16, 2010

**BY ECF**

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Aldric Grandy v. BAC Home Loan Servicing, LP*, No. 10-CV-4278 (SLT)

Dear Judge Townes:

This firm represents Defendant BAC Home Loans Servicing, LP ("BAC") in the above-captioned suit. Pursuant to Your Honor's Rule III.A., we are writing to request a pre-motion conference, as BAC intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

The Complaint (Ex. "A") seeks declaratory and injunctive relief and damages arising from a loan made by Wall Street Mortgage Bankers, LTD ("Wall Street") and secured by a Note and Mortgage (Ex. "B") pursuant to which Plaintiff mortgaged his primary residence to Wall Street. BAC (f/k/a Countrywide Home Loans) was the servicer retained by Wall Street with respect to the subject loan. Plaintiff alleges violations of various federal statutes as well as claims based on New York common law. For the reasons discussed briefly below, each of Plaintiff's claims is legally deficient and should be dismissed.

The relief sought in the Complaint essentially seeks to reverse a judgment of foreclosure and sale dated, May 27, 2008, and entered on June 10, 2008 (Ex. "C"), and the sale of the subject property (*see* Referee's Deed, dated December 11, 2009, attached as Ex. "D"). Such relief is precluded by the Rooker-Feldman doctrine and the doctrine of collateral estoppel, and the Complaint should be dismissed on those bases alone.[1]

Even absent the Rooker-Feldman and collateral estoppel doctrines, Plaintiff's pleading should be dismissed. The Complaint, which is virtually a carbon copy of a template available on the internet, is largely incomprehensible and contains few, if any, factual

**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY
www.bryancavestrategies.com
Washington, DC
St. Louis

---

[1]   *See McKay v. Sacks*, 05-CV-2307 (SJF)(LB), 2005 U.S. Dist. LEXIS 43347, at *5-8 (E.D.N.Y. May 20, 2005); *Webster v. Wells Fargo Bank, N.A.*, 08 Civ. 10145 (LAP), 2009 U.S. Dist. LEXIS 120952, at *14-33 (S.D.N.Y. December 23, 2009). As this Court held in its Memorandum and Order, dated September 27, 2010 (Ex. "E"), which denied Plaintiff's "Petition for Temporary Injunction," if there had been a judgment of foreclosure and sale and the sale was imminent, "plaintiff would have already had an opportunity to raise in the State Court foreclosure proceedings the very issues which he seeks to raise herein. Therefore, in order to obtain injunctive relief in this Court, plaintiff would have to show why the State Court's ruling should not be given *res judicata* effect in this action." *Id.* at 4.

1602448

Honorable Sandra L. Townes  
November 16, 2010  
Page 2

Bryan Cave LLP

allegations relating to the specific circumstances of Plaintiff's loan and the role of BAC in connection with the loan. Fed. R. Civ. P. 8(a)(2) provides that a complaint "shall contain . . . a short and plain statement of the claims showing that the pleader is entitled to relief."[2] The Complaint falls far short of meeting these requirements.[3]

## PLAINTIFF'S FEDERAL CLAIMS

Even if the Complaint could pass muster under Fed. R. Civ. P. 8, it still should be dismissed. Plaintiff's claims are predicated on alleged violations of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA") (which is part of TILA) and/or the Real Estate Settlement Procedures Act ("RESPA"), each of which includes a one year statute of limitations with regard to Plaintiff's claims. *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. Plaintiff executed the Note and Mortgage on July 18, 2006, but did not commence this action until September 20, 2010, more than four years later. Plaintiff's federal statutory claims are therefore time barred.[4]

Plaintiff's federal claims also do not state a claim for relief. For example, there is no private right of action for any alleged claims under §§ 2603 and 2604 of RESPA.[5]

## PLAINTIFF'S COMMON LAW CLAIMS

Since Plaintiff's federal statutory claims are untimely and do not state a claim for relief, the Court should decline to exercise supplemental jurisdiction over Plaintiff's common law claims.[6] However, if the Court retains jurisdiction over those claims, dismissal is still warranted because the Complaint fails to state a claim for relief. The Complaint does not allege the elements of fraud,[7] let alone allege them with particularity as mandated by Fed. R. Civ. P. 9(b). Plaintiff's claim that he relied on unspecified "misrepresentations" by unspecified "Agents" does not meet these requirements.[8]

---

[2] *See also* Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise, and direct.").

[3] *See* Iwachi v. *General Elec. Corp.*, CV-99-3668 (LDW), 2000 U.S. Dist. LEXIS 9742, at *4 (E.D.N.Y. Feb. 22, 2000) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8 where plaintiff copied the majority of his allegations verbatim from another unrelated action), *aff'd*, 10 Fed. Appx. 37 (2d Cir. 2001).

[4] *See* Done v. *HSBC Bank* USA, No. 09-CV-4878 (JFB) (ETB), 2010 U.S. Dist. LEXIS 99778, at *8-14 (E.D.N.Y. July 19, 2010), *adopted by* No. 09-CV-4878 (JFB) (ARL), 2010 U.S. Dist. LEXIS 99798 (E.D.N.Y., Sept. 23, 2010); *Johnson v. Scala*, No. 05 Civ. 5529 (LTS) (KNF), 2007 WL 2852758 at *3-5 (S.D.N.Y. Oct. 1, 2007). The Complaint is devoid of any facts that might provide a basis for tolling the relevant statutes of limitations. For example, as set forth below, Plaintiff has not made out a claim for fraudulent concealment. *See Johnson*, 2007 WL at *10-11 (rejecting tolling claim where plaintiff did not aver any fraud or fraudulent concealment claim).

[5] *See Nelson v. JPMorgan Chase Bank, N.A.*, 707 F. Supp. 2d 309, 316 (E.D.N.Y. 2009).

[6] *See Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("It would . . . be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

[7] In fact, Plaintiff alleges in the Complaint that BAC was defrauded. *See* Ex. A, p. 21 ("Agent et al, [sic] facilitated, aided and abetted various Agents in their negligent misrepresentation, and that various Agents were negligent in not implementing procedures such as underwriting standards oversight that would have prevented various Agents from facilitating the irresponsible and wrongful misrepresentations of various Agents to Defendants.")

[8] *See Verus Pharms., Inc. v. Astrazeneca AB*, No. 09 Civ. 5660 (BSJ), 2010 WL 3238965, at *11 (S.D.N.Y. Aug. 16, 2010).

Honorable Sandra L. Townes  
November 16, 2010  
Page 3

Bryan Cave LLP

Plaintiff's claims for breach of fiduciary duty and negligence/negligence *per se* also are deficient. BAC did not and does not owe a fiduciary duty or any duty of care to Plaintiff.[9] Further, Plaintiff's breach of fiduciary duty and negligence/negligence *per se* claims are expressly based on Plaintiff's TILA, RESPA, and HOEPA claims, each of which, as demonstrated above, is time barred.[10]

Plaintiff's cause of action for breach of implied covenant of good faith and fair dealing, also is deficient. Plaintiff has not identified any contract with BAC, let alone any provision of any such contract that was frustrated by any alleged misconduct by BAC. Plaintiff's Note and Mortgage were with Wall Street, not BAC. To the extent Plaintiff claims that the initiation of foreclosure proceedings by the mortgagee, Wall Street, constituted such a breach, the law is clear that enforcement of one's rights under an agreement cannot constitute a breach of the implied covenant of good faith and fair dealing.[11]

Finally, Plaintiff's claim for intentional infliction of emotional distress is precluded by its one year statute of limitations and by Plaintiff's failure to allege extreme and outrageous conduct by BAC.[12]

CONCLUSION

For the foregoing reasons, BAC requests permission to file a motion to dismiss the Complaint.

Respectfully submitted,

Glenn B. Coleman

cc: Aldric Grandy (by email and U.S. mail (w/ encls.))

---

[9] *See Fab Indus., Inc. v. BNY Fin. Corp.*, 252 A.D.2d 367, 367, 675 N.Y.S.2d 77, 78 (1st Dep't 1998); *Mejias v. Premium Capital Funding, LLC*, No. 0102930/08 (TPA), 2009 WL 1067397 at *3 (Apr. 7, 2009 Sup. Ct. Richmond Co.).

[10] Plaintiff's negligence/negligence *per se* cause of action is also barred by the applicable three year statute of limitations. *See Polidoro v. Chubb Corp.*, 354 F. Supp. 2d 349, 356 (S.D.N.Y. 2005).

[11] *See Associates Capital Servs. Corp. v. Fairway Private Cars, Inc.*, 590 F. Supp. 10, 16 (E.D.N.Y. 1982) ("[Defendant] does not breach its duty of good faith and fair dealing by exercising its rights under the contracts.") Plaintiff's claim that BAC did not respond in good faith to Plaintiff's "qualified written request" is contradicted by the relevant correspondence (*see* Ex. F (w/o encls)), which shows that Plaintiff did not make a "qualified written request" and that, in any event, BAC responded to Plaintiff's correspondence in good faith.

[12] *See Makowski v. United Bhd. of Carpenters & Joiners of Am.*, No. 08 Civ. 6150 (PAC), 2010 WL 3026510, at *15-16 (S.D.N.Y. Aug. 2, 2010). Although not listed in the "Causes of Action" section of the Complaint, Plaintiff alleges elsewhere in his pleading that he is the victim of a conspiracy, that BAC was unjustly enriched at his expense, that BAC violated the FTCA, 15 U.S.C. § 45, and that he is entitled to "quiet title." Each of these claims is without merit. New York does not recognize a cause of action for civil conspiracy. *See Schlotthauer v. Sanders*, 143 A.D.2d 84, 85, 531 N.Y.S.2d 334, 336 (2d Dep't 1988). Plaintiff's unjust enrichment claim is precluded by the existence of the Note and Mortgage. *See Niagara Falls Water Bd. v. City of Niagara Falls*, 64 A.D.3d 1142, 1143, 881 N.Y.S.2d 763, 765 (4th Dep't 2009). There is no private right of action under the FTCA. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974). Finally, Plaintiff's claim to quiet title does not meet the requirements of New York statutory or common law in that, among other things, Plaintiff has not described his interest in the property, has not identified all possible defendants, known and unknown, and has not alleged that he has no adequate remedy at law. *See* McKinney's RPAPL § 1515; *Lichtyger v. Franchard Corp.*, 18 N.Y2d 528, 537, 277 N.Y.S.2d 377, 384 (1966).